IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA K. ZIMNICKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENERAL FOAM PLASTICS CORP., and ) <br> NIXAN INTERNATIONAL LTD., ) <br> ) <br> Defendants. ) <br> ) | Case No. 09 CV 2132 <br><br> Hon. John F. Grady |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE TO JOIN AN INDISPENSABLE PARTY

Defendants General Foam Plastics Corporation ("General Foam") and Nixan International Limited ("Nixan") (collectively "Defendants") hereby submit this memorandum in support of their Joint Motion To Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to name the indispensable party Neo-Neon International Limited ("Neo-Neon") as a defendant in this action, or in the alternative compel joinder of Neo-Neon as a Defendant in this matter pursuant to Federal Rule of Civil Procedure 19. In support of this Motion, the Defendants state as follows:

### INTRODUCTION

Joinder of Neo-Neon in this action is necessary under Federal Rule of Civil Procedure 19 and 17 U.S.C. § 501(b) because the validity of Plaintiff's purported copyrights is a central issue in this matter – copyrights which Neo-Neon also claims to own by virtue of the work for hire doctrine. (Ex. B ¶¶ 4-18.) Because Defendants contend upon information and belief that any creative input Plaintiff had in the production of the reindeer designs allegedly registered under copyright numbers VAu 664-846, VAu 664-847, VAu 664-862, VAu 664-863, and VAu 664-

864 was in her capacity as a Neo-Neon employee, this litigation will require a determination of whether Neo-Neon or Plaintiff owns the alleged copyrights. Neo-Neon thus is an indispensable party because it claims an interest in the subject matter of this lawsuit and is so situated that disposing of the action in Neo-Neon's absence may as a practical matter impair or impede Neo-Neon's ability to protect its interest or leave the Defendants subject to a substantial risk of incurring double or inconsistent obligations. *See Whitney, Atwood, Norcross Assoc., Inc. v. Architects Collaborative, Inc.*, No. 90-CV-11521, 1991 WL 2223, at *2 (D. Mass. Jan. 4, 1991) (ordering a dismissal of a copyright infringement claim unless a non-party who the defendant alleged as the true owner of the copyright was joined because "the resolution of th[e] action will necessarily involve a determination of the rights owned by" that non-party); *see also* 3-12 *Nimmer On Copyright* 12.03 ("joinder should occur if an issue is raised as to the validity of the copyright upon which the rights of the persons to be joined, as well as those of the plaintiff, rest"). If joinder of Neo-Neon cannot be secured, Plaintiff's Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party.

## ARGUMENT

### I.     Standard Of Review

Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of a Complaint for "failure to join a party under Rule 19." Rule 19 requires joinder of an indispensable party if:

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

2

Fed.R.Civ.P. 19(a)(1)(B). Section 501(b) of the Copyright Act supplements the Rule 19 joinder requirement by providing that "[t]he court may require the joinder . . . of any person having or claiming an interest in the Copyright" at issue. 17 U.S.C. § 501(b).

When determining whether to grant a Rule 12(b)(7) motion to dismiss the court must accept all factual allegations in the operative complaint as true, and may also "***go outside the pleadings and look to extrinsic evidence.***" *Davis Co. v. Emerald Casino, Inc.*, 268 F.3d 477, 479, 480 nn. 2, 4 (7th Cir. 2001) (emphasis added).

### II. Neo-Neon Is An Indispensable Party Because Upon Information And Belief Neo-Neon Claims An Interest To The Purported Copyrights At Issue In This Action

This matter cannot proceed without joinder of Neo-Neon because the validity of the copyrights at issue in the matter requires a determination of whether Plaintiff or Neo-Neon is the author of and owns the rights to the reindeer designs that are the subject of the copyrights. "Absent special circumstances joinder should be required in cases challenging the validity of the copyright upon which rest the rights of the person to be joined." *Night Hawk Ltd. v. Briarpatch Limited, LP.*, No. 03-CV-1382, 2003 WL 23018833, at *3 (S.D.N.Y. Dec. 23, 2003) (internal quotations omitted) (quoting *Wales Industrial, Inc. v. Hasbro Bradley, Inc.*, 612 F. Supp. 510, 517 (S.D.N.Y. 1985)).

Plaintiff alleges that in February 2004, she verbally agreed to license to Neo-Neon the right to produce, distribute and sell both new and existing holiday decorations based on her purported designs. ([Dkt. # 13] ¶ 12.) She alleges that the reindeer designs at issue in this case were created by her as an independent contractor of Neo-Neon, not as an employee of Neo-Neon. *Id.* at ¶¶12-16. Plaintiff allegedly ceased producing designs pursuant to this agreement in July 2004 and, the following year, purportedly "applied for and received certificates of registration" for the designs she allegedly produced – including those registered under copyright

numbers VAu 664-846, VAu 664-847, VAu 664-862, VAu 664-863 and VAu 664-864.  *Id.* at ¶¶ 15, 17.  In the present lawsuit, Plaintiff alleges that Defendants General Foam and Nixan produced, distributed, advertised, and/or sold unauthorized copies of "at least" the reindeer designs that are the subject of the alleged VAu 664-846, VAu 664-862, and VAu 664-863 copyrights.  *Id.* at ¶ 29.

In related litigation between Plaintiff and Neo-Neon currently pending before this Court, styled *Zimnicki v. Cinmar, L.P. d/b/a Front Gate, Menard, Inc., Neo-Neon International Ltd. And Seasonal Concepts, Inc*., Case No. 06-cv-4879 (the "Zimnicki – Neo-Neon Litigation"), Plaintiff alleges that Neo-Neon infringed these same copyrights by producing, selling, advertising and distributing products that are substantially similar to the reindeer designs registered under these copyrights.  (Ex. A at 6, 12, 15, 19, 24, 30.)  In response to these allegations, Neo-Neon counterclaimed asserting that:

> In April 2004, Neo-Neon employed Zimnicki to work with Neo-Neon's in-house design team and other departments to modify Neo-Neon's existing holiday products.  ***Zimnicki was employed to work at Neo-Neon's office in China, receiving a monthly salary and living in Neo-Neon employee housing***.

(Ex. B at 107) (emphasis added.)  Neo-Neon further alleges that during the term of Plaintiff's employment with Neo-Neon, Plaintiff worked on the reindeer designs in collaboration with other Neo-Neon employees; and that to the extent Plaintiff created the designs subject to the alleged VAu 664-846, VAu 664-847, VAu 664-862, VAu 664-863 and VAu 664-864 copyrights, any such creation would have been made in her capacity as an employee of Neo-Neon.  *Id.* at 107-108.  Neo-Neon thus asserts that these designs are "works made for hire" under 17 U.S.C. § 101, and that Neo-Neon is the "true author and owner of the Deer Designs" reflected in the alleged

4

copyrights at issue. *Id.* at 108-109.[1] Neo Neon seeks to have Plaintiff's copyrights declared invalid on the grounds that "Zimnicki procured the registrations by knowingly and fraudulently representing to the Copyright Office that she was the author of the works when, in fact, she was not the author of the works and certainly was not the sole author." *Id.* at 108

Defendants contend upon information and belief that assuming the reindeer designs at issue are copyrightable (given the generic nature of them), the copyrights in such designs would be exclusively owned by Neo-Neon by virtue of the work for hire doctrine, and that Plaintiff's copyright registrations are invalid. Upon information and belief, any creative input by Plaintiff in the production of these designs would have been performed in her capacity as a Neo-Neon employee. *See Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989) (factors relevant to determining whether an individual was an employee for purposes of determining whether a work is a work made for hire include "the source of the instrumentalities and tools; location of the work . . . the method of payment . . . whether the work is part of the regular business of the hiring party . . . [and] the provision of employee benefits"). Plaintiff cannot maintain her copyright infringement action without proving that she, and not Neo-Neon, owns copyrights at issue and that they are valid. *See Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001) ("[t]o establish copyright infringement, a plaintiff must prove . . . ownership of a valid copyright").

Thus, this litigation necessarily will involve a determination of : (1) whether Neo-Neon or Plaintiff authored and owns the rights to the reindeer designs that are the subject of Plaintiff's alleged copyrights VAu 664-846, VAu 664-847, VAu 664-862, VAu 664-863 and VAu 664-864; and (2) whether those copyrights should be declared invalid and cancelled. This matter cannot

---

[1] Neo-Neon also alleges to have registered these designs with the Chinese Patent Office in late 2004, before Plaintiff registered her alleged copyrights. *Id.* at 108.

proceed without Neo-Neon being joined as a party, because Neo-Neon claims an interest in the reindeer designs that are the subject of this action and is so situated that disposing of the action in Neo-Neon's absence may (1) as a practical matter impair or impede Neo-Neon's ability to protect the interest; or (2) leave General Foam and Nixan subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.[2] *See Wales*, 612 F. Supp. at 517, *overruled on other grounds by*, *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189 (2d Cir. 1985) (requiring joinder of a non-party with ownership interests to the copyright at issue because "failure to join [the non-party] will subject the movants to a risk of multiple lawsuits and inconsistent judgments concerning the validity of the . . . copyrights").

As a result, this lawsuit should be dismissed under Rule 12(b)(7) for failure to join a party under Rule 19. *See Night Hawk*, 2003 WL 23018833, at *3 (dismissing a copyright infringement pursuant to Rule 12(b)(7) because issues were "raised as to the validity of [the plaintiff's] copyright and the status of rights subsequently gained by" the non-party); *Architects Collaborative*, 1991 WL 2223, at *2 (ordering a conditional Rule 12(b)(7) dismissal of a copyright infringement claim because "the resolution of th[e] action will necessarily involve a determination of the rights owned by" a non-party); *Scott v. Paramount Pictures Corp., et al*, 449 F. Supp. 518, 520 (D.D.C. 1978) (dismissing a copyright infringement action for failure to join an indispensable party because the validity of the non-party's copyright was at issue and "an adverse judgment against the present defendants would certainly affect their interests"). Alternatively, Neo-Neon should be joined as a defendant in this action pursuant to Rule 19. 3-12 *Nimmer On Copyright* 12.03 ("joinder should occur if an issue is raised as to the validity of the

---

[2] For example, Defendants could be subject to a separate copyright infringement lawsuit from Neo-Neon that could subject them to double liability or inconsistent obligations.

copyright upon which the rights of the persons to be joined, as well as those of the plaintiff, rest").

## CONCLUSION

For the forgoing reasons, and for the reasons set forth in Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint, General Foam and Nixan respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety pursuant to Federal Rule Of Civil Procedure 12(b)(7) or in the alternative join Neo-Neon as a defendant in this matter pursuant to Federal Rule of Civil Procedure 19, and award any further relief that this Court deems necessary.

Dated: July 2, 2009        Respectfully submitted,

By:   s/John T. Williams_____

John T. Williams (# 6199208)
HINKHOUSE WILLIAMS WALSH LLP
180 N. Stetson Ave.
Suite 3400
Chicago, Illinois 60601
Telephone: (312) 784-5400
Fax Number: (312) 784-5499

*Attorneys For General Foam Plastics Corp.*

By:   s/ Mark S. Vanderbroek __

Mark S. Vanderbroek (*pro hac vice*)
Robert Edward Browne, Jr. (# 6255678)
TROUTMAN SANDERS LLP
55 W. Monroe St., Suite 3000
Chicago, IL 60603

*Attorneys for Nixan International Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA K. ZIMNICKI,            )<br>                                                     )<br>      Plaintiff,                            )<br>                                                     )<br>      v.                                         )         Case No. 09-CV-2132<br>                                                     )<br>GENERAL FOAM PLASTICS CORP., and   )         Hon. John F. Grady<br>NIXAN INTERNATIONAL LTD.,      )<br>                                                     )<br>      Defendants.                       )<br>                                                     ) | |

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned attorney certifies that the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was served on counsel of record by electronic filing and U.S. Mail this 2nd day of July, 2009, and the same is available for viewing by downloading off of the Court's ECF system.

                                                                                  _s/ John T. Williams_____

      Barry F. Irwin (# 6211213)
      David W. Higer (# 6288243)
      Kirkland & Ellis LLP
      300 N LaSalle
      Chicago, IL 60654

      *Attorneys for Plaintiff Sandra K. Zimnicki*

      Steven P. Mandell
      Stephen J. Rosenfeld
      Mandell, Menkes LLC
      333 West Wacker Drive, Suite 300
      Chicago, IL 60606

      *Attorneys for Neo-Neon International Ltd.*