09-2132.101-RSK                                                   March 24, 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SANDARA K. ZIMNICKI,            )<br>                                 )<br>         Plaintiff,             )<br>                                 )<br>         v.                      )    No. 09 C 2132<br>                                 )<br> GENERAL FOAM PLASTICS CORP., and )<br> NIXAN INTERNATIONAL, LTD.,       )<br>                                 )<br>         Defendants.             ) | |

## MEMORANDUM OPINION

Before the court is the defendants' motion to dismiss or, in the alternative, to join a necessary party.  For the reasons explained below we deny the defendants' motion.

## BACKGROUND

Plaintiff Sandra K. Zimnicki alleges that the defendants, General Foam Plastics Corporation ("General Foam") and Nixan International Ltd. ("Nixan"), have sold and continue to sell holiday decorations that infringe her copyrighted "decorative deer" designs.  Zimnicki created two such designs before entering into a verbal agreement in February 2004 to license those designs (and any new designs) to Neo-Neon International, Ltd. ("Neo-Neon") in exchange for a royalty.  (Am. Compl. ¶¶ 11-12.)  Neo-Neon intended to use the licensed designs to manufacture and sell holiday decorations and decorative lighting products.  (Id. at ¶ 12.)

According to Zimnicki the parties agreed that she was an independent contractor, not an employee, and that her designs were not "works for hire." (Id.) Between February 2004 and July 2004 Zimnicki created at least three additional decorative-deer designs, and during that time she alleges that Neo-Neon "had access" to her works.[1] (Id. at ¶¶ 14, 16.) In July 2004 she terminated her relationship with the company because it would not confirm the terms of their verbal agreement in writing. (Id. at ¶ 15.) She alleges that she informed Neo-Neon at that time that "she was assigning no rights in her designs to Neo-Neon and that she would retain all copyrights in those designs." (Id.) Approximately eight months later Zimnicki applied for and received certificates of registration for each of the five decorative-deer designs. (Id. at ¶ 17; see also Certificates of Registration, attached as Exs. A-E to Am. Compl.) She subsequently learned that Neo-Neon sold unauthorized copies of her designs, or unauthorized derivative works based on those designs, to Menard, Inc. for resale. (Am. Compl. ¶ 20.) After Zimnicki notified Menard that the products infringed Zimnicki's registered copyrights, Menard began purchasing decorative-deer products from defendant General Foam, rather than Neo-Neon. (Id. at ¶¶ 21-22.) General Foam, in turn, purchased at least some of the infringing products from Neo-Neon for resale to

---

[1] Zimnicki does not indicate whether Neo-Neon manufactured any goods utilizing her designs during that same period of time, or if she received any payments from Neo-Neon.

Menard. (Id. at ¶ 23.) It purchased other infringing products from Nixan, although Zimnicki does not indicate whether General Foam resold those goods to Menard or other retailers. (Id. at ¶ 24.) Zimnicki alleges, upon information and belief, that Nixan and General Foam are corporate affiliates controlled by the same parent company. (Id. at ¶ 25.)

In 2006 Zimnicki sued Neo-Neon, among other defendants, alleging that it had infringed her copyrights. See Zimnicki v. Cinmar, 06-CV-4879 (N.D.Ill. 2006).[2] Neo-Neon asserts as an affirmative defense in that lawsuit that Zimnicki's designs are not entitled to copyright protection because they are generic. (See Neo-Neon's Answer and Counterclaims, attached as Ex. B to Pl.'s Mot. to Dismiss, at 103.) In a separate counterclaim Neo-Neon has asked the court to declare that Neo-Neon has not infringed the copyrights because: (1) Zimnicki fraudulently represented to the Copyright Office that she was the sole author of the designs, rendering the registrations invalid; and (2) "Neo-Neon is the true author and owner of the Deer Designs." (Id. at 108-09.) The basis for this relief is Neo-Neon's allegation that the designs arose from Zimnicki's collaboration with Neo-Neon's in-house design team during the period in 2004 when she was "employed to work at Neo-Neon's office in China." (Id. at 107-08.) In light of those

---

[2]/ According to her attorney, Zimnicki's allegations in this lawsuit arise from information obtained during discovery in the 2006 case. (Decl. of Barry F. Irwin ¶¶ 4-5.)

allegations defendants contend that Neo-Neon is an "indispensable" party to this litigation under Fed. R. Civ. P. 19.

**DISCUSSION**

"Joinder under Rule 19 is a two step inquiry." Davis Co. v. Emerald Casino, Inc., 268 F.3d 477, 481 (7th Cir. 2001). "First, the court must determine whether a party is one that should be joined if feasible — called, in the old days, a 'necessary' party.'" Thomas v. United States, 189 F.3d 662, 667 (7th Cir. 1999); see also Fed. R. Civ. P. 19(a). If the court concludes that the party is "necessary," but cannot be joined, it must then decide whether the litigation can proceed in that party's absence. Thomas, 189 F.3d at 667; see also Fed. R. Civ. P. 19(b). "If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal upon a proper motion under Federal Rule of Civil Procedure 12(b)(7)." Thomas, 189 F.3d at 667. Although defendants have moved to dismiss, they have not even attempted to show that Neo-Neon — a Chinese company already involved in related litigation in this district — cannot be joined. We assume, then, that Neo-Neon can be joined and that dismissal is not warranted. It must be joined if: "(1) in [Neo-Neon's] absence complete relief cannot be accorded among those already parties, or (2) [Neo-Neon] claims an interest

relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede the [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). Only the second clause is relevant here, as defendants do not argue that complete relief is unavailable to the existing parties in Neo-Neon's absence.

We agree with Zimnicki that a third party's "theoretical" interest in the litigation is insufficient to require joinder under Rule 19. See Ladenberger v. Nat'l Tech. Transfer, Inc., No. 99 C 5348, 2000 WL 1349247, *2 (N.D. Ill. Sept. 19, 2000); see also Ploog v. Homeside Lending, Inc., 209 F.Supp.2d 863, 872-73 (N.D. Ill. 2002). But unlike the defendants in Landenberger and Ploog, who speculated that a third party *could* claim an interest, Neo-Neon has *actually* claimed an interest in the copyrights (if not in this particular lawsuit). (See Neo-Neon's Answer and Counterclaims at 109 (asserting that "Neo-Neon is the true owner and author of the Deer Designs").)[3] We have discretion under the Copyright Act to

---

[3] The defendant in Landenberger asserted that a third party claimed an interest in the copyrights at issue in conversations with the defendant. Landenberger, 2000 WL 1349247, *2. The court appropriately disregarded that assertion in the absence of an affidavit substantiating the third-party's alleged claim. Id. A counterclaim filed in related litigation is plainly more reliable evidence of that party's claim, even if it is not "evidence" in the technical sense of that term (i.e., admissible at trial). We do not construe Rule 19(a) to require more. (Cf. Pl.'s Resp. at 7 (arguing that the defendants must provide

require Neo-Neon's joinder on that basis. See 17 U.S.C. § 501(b) ("The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright."). And defendants have cited several district court decisions requiring joinder under somewhat analogous circumstances. See, e.g., Wales Indus. Inc. v. Hasbro Bradley, Inc., 612 F.Supp. 510, 517 (S.D.N.Y. 1985) (*overruled on other grounds by* Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189 (2d Cir.1985)) ("Absent special circumstances joinder should be required in cases challenging the validity of the copyright upon which rest the rights of the person to be joined . . . ."). The difference here, however, is that Neo-Neon's rights are already being adjudicated in litigation between itself and Zimnicki.[4] Joinder in this action would only entail additional expense, which is likely why Neo-Neon has not sought to intervene.[5] Defendants suggest that it would be easier for them to obtain discovery from a co-defendant than from a third party. (Reply at 6.) We think defendants overstate the difficulty of obtaining discovery from Neo-Neon, which is already a party to litigation in this district. Cf. Ladenberger, 2000 WL 139247, *2 (Observing that the defendant was free to put on

---

"evidence" substantiating Neo-Neon's alleged interest).)

[4] Barring further extensions, all discovery will close in that case on May 24, 2010. No trial date is currently scheduled.

[5] Defendants served a copy of their motion to dismiss on Neo-Neon's counsel. (See Certificate of Service, attached to Defs.' Mot. to Dismiss.)

evidence that a third party owned the copyright at issue.). Regardless, defendants' convenience is not relevant.

Whether the defendants face a "substantial risk" of incurring inconsistent obligations is a closer question. A party in the defendants' position — accused of infringing a copyright in which more than one party claims an interest — generally has good reason to be worried about the prospect of inconsistent obligations. See, e.g., Wales Indus., 612 F.Supp. at 517; see also Ediciones Quiroga, S.L. v. Fall River Music, Inc., 93 CIV. 3914, 1995 WL 103842, *10 (S.D.N.Y. Mar. 7, 1995). And at least as to the allegedly infringing products that General Foam purchased from Nixan, (as opposed to those that it purchased from Neo-Neon itself), Neo-Neon could conceivably sue the defendants for infringement as the "true author and owner" of the designs in question. But Neo-Neon also contends that those same designs are generic. Parties may plead claims and defenses in the alternative, but the fact that Neo-Neon has argued that the designs are not entitled to copyright protection is certainly relevant. We see no indication in the pleadings or otherwise that Neo-Neon intends to use its counterclaim as a springboard for future litigation against alleged infringers generally, or against these defendants in particular. It may prove necessary or desirable to coordinate this litigation with the proceedings in the 2006 case. But we will not require Neo-Neon to join this lawsuit for the sole purpose of requesting

declaratory relief that it is already seeking in other litigation with Zimnicki.

## **CONCLUSION**

Defendants' motion to dismiss or in the alternative join Neo-Neon (35) is denied.

DATE:     March 24, 2010

ENTER:    _____
          John F. Grady, United States District Judge