# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **SANDRA K. ZIMNICKI**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2132 |
| | ) | |
| v. | ) | Judge John F. Grady |
| | ) | |
| **GENERAL FOAM PLASTICS CORP.**, | ) | Magistrate Judge |
| **NIXAN INTERNATIONAL LTD.**, | ) | Martin C. Ashman |
| **KEEN LTD.**, and **GP LTD.**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Sandra Zimnicki ("Zimnicki") alleges that in 2004 she collaborated with Neo-Neon International, Ltd. ("Neo-Neon") to create, among other things, a variety of decorative deer used as holiday ornaments ("the Zimnicki deer"). According to Zimnicki, Neo-Neon subsequently manufactured the Zimnicki deer without authorization and sold them to some of its customers, including Menards, a chain of home improvement stores. Zimnicki further alleges that after she informed Menards that such sales violated her copyrights in the deer ornaments, the store began selling the same products it had purchased from Defendant General Foam Plastics Corporation ("General Foam") after General Foam acquired them from Neo-Neon. On April 7, 2009, Zimnicki brought this suit against the Defendants, including General Foam, for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

After the parties issued written discovery, Zimnicki brought a motion to compel General Foam to produce various documents and to answer Zimnicki's interrogatories and requests for admission. General Foam, in turn, filed its own motion to compel, and District Judge John

Grady referred the two motions to this Court for a decision pursuant to N.D. Ill. Rule 72.1. Following oral argument, the Court granted in part and denied in part General Foam's motion on January 27, 2011. The Court also granted and denied parts of Zimnicki's motion but reserved ruling on Interrogatory No. 23 in Zimnicki's Third Set of Interrogatories pending further briefing. After carefully reviewing the parties' briefs on the issue, the Court finds that Zimnicki's motion to compel a response to Interrogatory No. 23 should be granted.

Interrogatory No. 23 states: "Identify and describe with specificity all products advertised or sold in conjunction with [the] Accused Products from 2005 to present, including without limitation, the 'Grapevine Sleigh' referenced in the documents with Bates number GF015254 and GF015163, and state the annual sales for all products identified."[1] General Foam objected to Interrogatory No. 23, in part, on grounds that (1) no evidence indicates that it had sold any Grapevine Sleighs in conjunction with the accused products, (2) the phrase "sold in conjunction with" is ambiguous, and (3) the products identified in the interrogatory are not relevant to the copyright issue in this case. In its response brief, however, General Foam limits its objection to relevance. For her part, Zimnicki argues that Interrogatory No. 23 is relevant to her damages claim for copyright infringement.

Under the Copyright Act, a copyright holder who prevails on an infringement claim "is entitled to recover the actual damages suffered by him or her as a result of the infringement, and

---

[1] The Court notes that document GF015254, which was filed under seal, shows two lighted deer, one standing upright and one that appears to be kneeling and forming a sleigh. Document GF015163, also filed under seal, is an email exchange referring to the "Grapevine sleigh" and the "Grapevine deer." The Accused Products mentioned in Interrogatory No. 23 are defined in the Third Set of Interrogatories as all products sold, purchased, or manufactured by General Foam that constitute a lighted deer including, presumably, the Zimnicki Deer.

any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Zimnicki argues that this standard supports Interrogatory No. 23 because profits that "are attributable to the infringement" can include indirect profits, such as sales related to non-infringing products that are associated with the infringing items or are used to promote the sales of such goods. *See*, *e.g.*, *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 933 (7th Cir. 2003) ("This will sometimes require tracing those profits into another product, as where it is bundled with the infringing product."). Accordingly, Zimnicki contends, Interrogatory No. 23 is relevant to her copyright claims because General Foam used the non-infringing Grapevine sleigh and Grapevine deer to leverage its sales of the Zimnicki Deer.

General Foam counters this argument by contending that Zimnicki cannot show a sufficient nexus between sales of the Zimnicki Deer and the non-infringing deer products to show that she is entitled to indirect damages under the Copyright Act. Relying on *Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002), General Foam argues that a prevailing plaintiff under the statute must show a causal link between infringement and any indirect profits that may stem from it. *See Mackie*, 296 F.3d at 915 ("the district court must conduct a threshold inquiry into whether there is a legally sufficient link between the infringement and the subsequent indirect profits"); *see also Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc*., 262 F. Supp.2d 923, 927 (N.D. Ill. 2003) (stating that "where the relationship between the profit and infringement is so attenuated or speculative, the plaintiff is not entitled to recover defendant's profits").

Even assuming a plaintiff must meet this burden to recover indirect profits, General Foam has not shown how such a standard applies to the dispute at issue here. The causal nexus General Foam relies on arises at trial or summary judgment when a plaintiff who has already demonstrated infringement seeks damages for such a violation. Not surprisingly, therefore, *Mackie* involved an appeal from a ruling at summary judgment, and General Foam's other authorities also primarily involve rulings on dispositive motions. Here, however, Zimnicki seeks discovery, not summary judgment, and her request is governed by the standard of Rule 26(b)(1), which permits discovery "of any matter that is relevant to the claim or defense of any party . . . and is not privileged." Fed. R. Civ. P. 26(b)(1). The scope of Rule 26(b)(1) is broader than General Foam acknowledges because discovery requests are relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *Rubin v. Islamic Republic of Iran*, 349 F. Supp.2d 1108, 1111 (N.D. Ill. 2004).

Although Zimnicki may be required to meet the burden General Foam states in order to obtain indirect damages at trial, she is not required to do so with such particularity in order to satisfy Rule 26(b)(1). Federal Rule of Evidence 401 states that "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Zemnicki's discovery request meets this standard because, to a large degree, Interrogatory No. 23 is designed to obtain the information that would allow Zimnicki to show a nexus between the infringing and non-infringing products. As such, the request is reasonably calculated to lead to the discovery of evidence that would either support or undermine Zimnicki's claim for indirect damages.

General Foam contends that Zimnicki has no evidence supporting her claim that General Foam linked the Zimnicki deer with other, non-infringing deer products.  To the extent this argument assumes that Zimnicki must prove such a link before she is entitled to discovery, General Foam's objection appears to repeat the nexus argument discussed above.  However, Zimnicki has proffered at least some evidence suggesting that General Foam marketed a "Grapevine sleigh" and that it requested photos of the sleigh together with some of the Zimnicki deer; moreover, Zimnicki alleges that General Foam did so knowing that Menards would market the two together.  (Plt's. Mot. at 4.)  Evidence supporting or refuting these allegations would be directly relevant to Zimnicki's damages claim.

"District courts enjoy extremely broad discretion in controlling discovery." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).  Accordingly, the Court finds that Zimnicki's Interrogatory No. 23 meets the standard of Rule 26(b)(1), and her motion to compel is granted on this issue.

**ENTER ORDER:**

_____

**MARTIN C. ASHMAN**

**Dated:** March 3, 2011.       United States Magistrate Judge